**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **QWEST CORPORATION d/b/a CENTURYLINK QC,**    )<br>)<br>)<br>)<br>**Plaintiff**    )<br>)<br>**vs.**    )<br>)<br>**BECKSTROM CONSTRUCTION, INC.,**    )<br>)<br>**Defendant.**    )<br>) | **Case No.** _____ |

## COMPLAINT

COMES NOW Plaintiff Qwest Corporation d/b/a CenturyLink QC ("Plaintiff" or "CTL") and, for its Complaint against Defendant Beckstrom Construction, Inc. ("Defendant" or "Beckstrom"), alleges and states as follows:

## JURISDICTION AND VENUE

1.     Plaintiff CTL is a Colorado corporation with its principal place of business in Monroe, Louisiana.

2.     Defendant Beckstrom is a Minnesota corporation with its principal place of business in Des Moines, Iowa.

3.     The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). Because diversity of citizenship also exists, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

4.     This Court has personal jurisdiction over Defendant because the events giving rise to this action occurred in or near Des Moines, Polk County, Iowa.

5.     Defendant conducts business in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in or near Des Moines, Polk County, Iowa.

Venue is therefore proper in this Court, District, and Division pursuant to 28 U.S.C. §§ 95(b)(1), 1391(a), (c), and LR 3(b).

**BACKGROUND INFORMATION**

6.      Plaintiff CTL is a telecommunications company which provides interstate telecommunications services to individual and commercial users. CTL's telecommunications services are provided through, among other means, a nationwide network of fiber-optic cable, most of which is buried underground.

7.      By agreement with and/or permit from the State of Iowa, Polk County, and/or the City of Des Moines, Plaintiff CTL possesses the right to construct, operate, maintain and reinstall a fiber-optic cable system in the in the rights-of-way of, and under, various streets and roads near the intersection of East Euclid Avenue & Hubbell Avenue, in Des Moines, Polk County, Iowa. By virtue of this agreement and/or permit, CTL is entitled to undisturbed possession of that right. In accordance with this agreement and/or permit, CTL installed fiber-optic cables in the rights-of-way of, and under, various streets and roads near the intersection of East Euclid Avenue & Hubbell Avenue, in Des Moines, Polk County, Iowa (the "Cables").

**FIRST CLAIM FOR RELIEF - TRESPASS**

8.      Plaintiff CTL adopts and incorporates by reference all allegations contained in paragraphs 1 through 7 above.

9.      Upon information and belief, on March 13, 2019, Defendant Beckstrom was, without the knowledge or consent and against the will of CTL, excavating with mechanized equipment near the intersection of East Euclid Avenue & Hubbell Avenue, in Des Moines, Polk County, Iowa.

10.    Upon information and belief, on March 13, 2019, without Plaintiff CTL's knowledge or consent, and against CTL's will, Defendant Beckstrom severed the Cables while excavating with mechanized equipment as described in Paragraph 9 above. At the point where they were severed, the Cables were buried within the right-of-way pursuant to CTL's agreement with and/or permit from the State of Iowa, Polk County, and/or the City of Des Moines.

11.    As a result of the actions and/or omissions of Defendant Beckstrom, Plaintiff CTL has sustained disturbance to its right of use or servitude and damage to and loss of use of the Cables which have resulted in actual damages to CTL in excess of $75,000.00, including, but not limited to, direct and indirect costs of repairs, and the loss of the use of the Cables.

12.    The actions of Defendant Beckstrom were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of CTL's rights and a conscious indifference to the consequences.

13.    Defendant Beckstrom is vicariously liable under the doctrine of *respondeat superior* for all grossly negligent and/or reckless and/or willful acts and/or omissions of its employees regarding the aforementioned excavation work.

**WHEREFORE**, Plaintiff CTL prays this Court grant judgment in its favor against Defendant Beckstrom on CTL's First Claim for Relief, awarding CTL actual damages in excess of $75,000.00; punitive damages in an amount sufficient to punish Defendant for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF- NEGLIGENCE

14.    Plaintiff CTL adopts and incorporates by reference all allegations contained in paragraphs 1 through 13 above.

15.     Upon information and belief, Defendant Beckstrom acted negligently on or about March 13, 2019. This negligent conduct included, but is not limited to, the following:

a.     Failing to determine the approximate location of all underground utility facilities in the area of proposed excavation before beginning excavation;

b.     Failing to determine the exact location of all underground utility facilities in the area of the proposed excavation when the excavation approached the approximate location of those excavations;

c.     Failing to plan the excavation to avoid interference with, or damage to, underground utility facilities;

d.     Failing to take adequate measures to ensure the Cables would not be damaged during the excavation work described in paragraph 9 above;

e.     Failing to avoid the use of a power operated or power driving excavating equipment within 18 inches, horizontally, of the Cables;

f.     Failing to adequately train its employees involved with the excavation with respect to the applicable statues, regulations, and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Iowa Code § 480.4;

g.     Failing to adequately supervise its employees and ensure that they complied with all applicable statues, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Iowa Code § 480.4;

h.     Failing to use due care when excavating in and around buried fiber-optic cable; and

i.    Failing to adhere to applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they related to the protection of underground utilities.

16.    As a result of the actions and/or omissions of Defendant Beckstrom, Plaintiff CTL has sustained damage to and loss of use of the Cable which have resulted in actual damages to CTL in excess of $75,000.00, including, but not limited to, direct and indirect costs of repair, and the loss of the use of the Cable.

17.    The actions of Defendant Beckstrom were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of CTL's rights and a conscious indifference to the consequences.

18.    Plaintiff CTL alleges that Defendant Beckstrom's aforementioned acts and/or omissions constitute negligence per se and that said acts and/or omissions were a direct and proximate cause of CTL's damages.

19.    Defendant Beckstrom is vicariously liable under the doctrine of *respondeat superior* for all grossly negligent and/or reckless and/or willful acts and/or omissions of its employees regarding the aforementioned excavation work.

**WHEREFORE**, Plaintiff CTL prays this Court grant judgment in CTL's favor against Defendant Beckstrom on CTL's Second Claim for Relief, awarding CTL actual damages in excess of $75,000.00; punitive damages in an amount sufficient to punish Defendant Beckstrom for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

Dated: August 24, 2023

                                        **GEHLING OSBORN LAW FIRM, PLC**

                                        By:      /s/ Anthony L. Osborn
                                             Anthony L. Osborn AT0009513
                                             600 4th Street, Suite 900
                                             Sioux City, IA 51101
                                             712.226.4602
                                             712.226.4603 (fax)
                                             anthony@golawfirm.com
                                             ATTORNEY FOR PLAINTIFF